IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,282 & AP-75,283






EX PARTE PATRICK RICHARD KEAGAN, Applicant






ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


IN CAUSE NUMBERS 14874 & 14875 FROM


THE 43RD DISTRICT COURT OF PARKER COUNTY





 Per curiam.

O P I N I O N





 These are post-conviction applications for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of possession
of a firearm by a felon, habitual, and possession of more than one gram of methamphetamine,
habitual, and punishment was assessed at life and seventy-five years imprisonment. These
convictions were affirmed. Keagan v. State, Nos. 02-03-024-CR & 02-03-025-CR (Tex. App.
-- Fort Worth, delivered February 19, 2004, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. The trial
court, based upon an affidavit from appellate counsel, recommended that relief be granted. 
The record reflects that counsel did not timely inform Applicant that he could file a petition
for discretionary review after his convictions were affirmed on appeal.

 Habeas corpus relief is granted, in part, and Applicant is granted an opportunity to file
out-of-time petitions for discretionary review from his convictions in cause numbers 14874
& 14875 from the 43rd Judicial District Court of Parker County. Applicant is ordered
returned to the point at which he may file petitions for discretionary review. For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court
of Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petitions are filed in the Court of Appeals within thirty days of the date the
mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: October 26, 2005

DO NOT PUBLISH